IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HENRY MICHAEL BERNS,**

    **Plaintiff,**

    v.                                                                                          CASE NO. 23-3258-JWL

**CLAYTON COUNTY SHERIFF'S OFFICE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Henry Michael Berns, who is currently a pretrial detainee in custody at the Clayton County Jail in St. Olaf, Iowa. (Doc. 1, p. 2, 4.) He names as Defendants various law enforcement officers in Jones County, Iowa and Clayton County, Iowa. *Id.* at 2-3. The claims in the complaint are based on events that occurred in Jones County and Clayton County. *Id.* at 4-5.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss "the complaint, or any portion of the complaint," that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2). Although "[s]ection 1915 contains no express authorization for a dismiss for lack of personal jurisdiction or venue," the Tenth Circuit has held "that a district court may, in certain limited circumstances . . . , dismiss under § 1915 for lack of personal jurisdiction and for improper venue." *See Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006). This Court may consider venue sua sponte "'only when the defense is obvious from the face of the complaint and no further factual record is required to

1

be developed,'" and it "may dismiss under § 1915" for lack of venue "only if 'it is clear that [the plaintiff] can allege no set of facts' to support . . . venue." *See id.* at 1217.

General venue principles are found in 28 U.S.C. § 1391(b), which provides that a civil action may be brought in a judicial district where any defendant resides, a district where a substantial part of the events giving rise to the claim occurred, or, if no district meets those criteria, a district in which a defendant is subject to the court's personal jurisdiction in the action. The Court has reviewed the complaint and concludes it is clear from the face of the complaint that the District of Kansas is not a proper venue for this action. No defendant resides in the District of Kansas, none of the events giving rise to the claims occurred in the District of Kansas, and the events underlying the claims occurred within the Northern District of Iowa.

When a case is brought in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To determine whether transfer is in the interest of justice, the Court considers, for example, whether the action would be time-barred if filed anew in the proper venue, whether the claims are likely to have merit, and whether the action was filed in good faith or "filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *See Trujillo*, 465 F.3d at 1223 n. 16 (citations omitted).

The events underlying Plaintiff's claims occurred in July and August 2023, so dismissing this action and requiring Plaintiff to file a new action in the proper venue would not make the new action time-barred. (*See* Doc. 1, p. 5.) And although there is no indication that this action was not filed in good faith, the facts alleged in the complaint are too conclusory to support a plausible claim for relief. Plaintiff broadly asserts, for example, that he was the victim of "illegal surveillance tactics," that he was subject to harassment and blackmail, that there has been "harassment of

2

elderly family," that he was subject to an "abusive arrest," and that warrants were issued without probable cause. *Id.* at 4.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

Plaintiff's factual allegations in the complaint now before this Court are the sort of conclusory allegations that do not state a plausible claim to relief. In light of this conclusion and because a new action filed in the proper venue would not be time-barred, the Court concludes that the interest of justice does not support transfer of this matter to the proper venue. Rather, this matter will be dismissed without prejudice as filed in an improper venue. As a result, the motion

for leave to proceed in forma pauperis (Doc. 2) will be denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is dismissed without prejudice due to improper venue.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **denied** as moot.

**IT IS SO ORDERED**.

Dated December 20, 2023, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
